IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Martina Sims, | : Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Navient Solutions, Inc. aka Sallie Mae; and DOES 1-10, inclusive, | : **COMPLAINT** <br> : **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Martina Sims, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. Plaintiff, Martina Sims ("Plaintiff"), is an adult individual residing in Stafford, Virginia, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4.      Defendant Navient Solutions, Inc. aka Sallie Mae ("Navient"), is a Georgia business entity with an address of 40 Technology Parkway South #300, Norcross, Georgia 30092, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5.      Does 1-10 (the "Agents") are individual agents employed by Navient and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6.      Navient at all times acted by and through one or more of the Agents.

## FACTS

7.      Within the last four years, Navient called Plaintiff's cellular telephone, number 253-XXX-4605, in an attempt to collect a financial obligation (the "Debt") allegedly owed by Plaintiff's husband.

8.      When Plaintiff answered Defendant's calls, she was met with a significant period of silence prior to being connected to a live representative.

9.      During a live conversation that occurred on or about June 8, 2016, Plaintiff asked why Defendant was calling, to which Defendant responded that it could not discuss the matter with Plaintiff.

10. As such, Plaintiff demanded the calls to her cellular telephone number cease and instructed Defendant to re-direct its calls to her husband.

11. Nonetheless, Defendant continued placing ATDS calls to Plaintiff's cellular telephone number at an excessive and harassing rate.

12. Defendant's calls directly and substantially interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance

## COUNT I

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227, *et seq.*

13. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

14. The TCPA prohibits Defendant from using, other than for emergency purposes, an ATDS and/or Robocalls when calling Plaintiff's Number absent Plaintiff's prior express consent to do so. *See* 47 U.S.C. § 227(b)(1).

15. Defendant's telephone system has the earmark of using an ATDS in that Plaintiff, upon answering calls from Defendant, heard silence before being connected with a live agent.

16. Defendant called Plaintiff's Number using an ATDS without Plaintiff's consent in that Defendant either never had Plaintiff's prior express

consent to do so or such consent was effectively revoked when Plaintiff requested that Defendant cease all further calls.

17. Defendant continued to willfully call Plaintiff's Number using an ATDS knowing that it lacked the requisite consent to do so in violation of the TCPA.

18. Plaintiff was harmed and suffered damages as a result of Defendant's actions.

19. The TCPA creates a private right of action against persons who violate the Act. *See* 47 U.S.C. § 227(b)(3).

20. As a result of each call made in violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages.

21. As a result of each call made knowingly and/or willingly in violation of the TCPA, Plaintiff may be entitled to an award of treble damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

> 1. Statutory damages of $500.00 for each call determined to be in violation of the TCPA pursuant to 47 U.S.C.§ 227(b)(3);

2. Treble damages for each violation determined to be willful and/or knowing under the TCPA pursuant to 47 U.S.C.§ 227(b)(3); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 27, 2016

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney Bar No.: 598666
Attorney for Plaintiff Martina Sims
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250 ext. 5500
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com